STATE, APPELLEE, *v.* MILLER, APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25451.   Decided July 20, 1961.

*Mr. John T. Corrigan,* prosecuting attorney, *Mr. Dennis J. McGuire* and *Mr. Charles W. Fleming,* assistant prosecuting attorneys, for appellee.

*Mr. James R. Willis,* for appellant.

(HUNSICKER and DOYLE, JJ., of the Ninth District, and McCLINTOCK, J, of the Fifth District, sitting by designation in the Eighth District.)

534

HUNSICKER, J. Albert Miller, the appellant, was indicted on ten counts under statutes of the state of Ohio pertaining to offenses against chastity. A trial of the indictment resulted in conviction on five counts of the indictment, a dismissal by the trial judge, on application of defense counsel, of four counts of such indictment, and a nolle by the trial judge of one count of the indictment as requested by the prosecuting attorney.

It is from the judgment of guilty on the five counts of the indictment submitted to the jury that an appeal on questions of law is lodged in this court.

The appellant sets out thirty-one assignments of error. We have examined all claims of error, but shall consider herein only certain claimed errors which may be grouped, for purposes of this discussion, into those assignments bearing on (1) the admission of evidence; (2) the failure to permit defense counsel the right "to inspect certain written statements and other documents used to refresh the recollection of a state's witness"; and (3) the claim that "the sentence of the court is illegal."

The trial of this case took the better part of three weeks, and the bill of exceptions consists of more than 1200 pages. Counsel for both parties were most aggressive in setting forth their respective views upon matters arising during the course of the trial. In the trial of a case of this character and length, it would be most surprising if there were no errors. We, however, are concerned only with errors that are prejudicial to the rights of Albert Miller, and not with errors harmless in their nature and extent.

The prosecuting attorney, because the age of one of the female prosecuting witnesses was 16, frequently asked her to refresh her recollection by a direct inquiry. Much of the use of this method of interrogation by the prosecutor was by referring to a written statement made to the police by the witness, or to conversation with police officers at the time of arrest. This method of interrogation is not commended for general use; but, under the circumstances herein, we do not deem it prejudicial. Counsel for the defense very completely covered, in cross-examination of these prosecuting witnesses and in direct examination of his own client, all of the matters to which the parties testified bearing on these statements.

It was in the course of this interrogation of the youthful

witnesses that defense counsel requested that he be permitted to make an inspeition of the written statements to which the prosecutor referred to refresh the recollections of such witnesses. The request to inspect these statements was refused by the prosecutor, and the trial judge did not grant a request made by defense counsel that the prosecutor be compelled to permit such inspection.

The prosecutor did offer the statements into evidence for the jury to read, if defense counsel would agree to such procedure. Defense counsel refused to permit the introduction of such statements as exhibits, and they were not made a part of this record.

There is no showing that the prosecutor suppressed evidence favorable to the appellant, or that there was any unfair advantage taken in the colloquy between counsel for the parties respecting the admission or rejection of evidence.

The refusal to permit an inspection of the prosecutor's notes does not come within the rule set out in *State* v. *Taylor*, 83 Ohio App., 76. In that case the witness, while on the witness stand, was reading from her notes to the jury, and inspection of such material was refused. The court there determined that such refusal by the trial court constituted prejudicial error.

That is not the situation herein. In the instant case, there was an exhaustive direct and cross-examination of all of the parties present in the police station where the prosecuting witness, Goolsby, was interrogated in the presence of the appellant, Albert Miller.

There was no violation herein of the rule followed in the federal courts as announced in *Jencks* v. *United States*, 353 U. S., 657, 1 L. Ed. 2d, 1103. In that case, the opinion of the majority of the court said, at page 672, of 353 U. S., page 1114 of 1 L. Ed., 2d:

"We hold that the criminal action must be dismissed when the Government, on the ground of privilege, elects not to comply with an order to produce, for the accused's inspection and for admission in evidence, relevant statements or reports in its possession of government witnesses touching the subject matter of their testimony at the trial."

In the instant case, an offer was made to introduce into evidence the complete transcribed copy of the interrogation of the prosecuting witnesses that was held in the police station. The defendant refused this offer, and preferred to determine for himself what portions he wished the jury to see.

No prejudicial error intervened when the trial judge refused the request made by the defendant to examine the report of the witnesses.

Serious complaint is voiced by counsel for the appellant with reference to the testimony about a 30- or 35- caret blue sapphire ring which was on the finger of the appellant when arrested. The prosecutor first brought up the subject when asking about the things the police officers removed from the apartment occupied by the appellant. It was decidedly improper to allow so much testimony to be elicited concerning the ring. The extended examination was not relevant to the matter in issue; it confused the issue, and brought extraneous matter into the hearing. Much of the testimony concerning the ring was not objected to by counsel for the appellant. Even though the prosecutor pursued the matter without objection, the trial judge should have sua sponte stopped the prosecutor.

The evidence of the guilt of Albert Miller is so overwhelming that such error as was committed on this subject by both the prosecutor and the trial judge cannot be considered prejudicial. See: Section 2945.83, Revised Code.

The appellant was convicted on five of the ten counts of the indictment returned by the grand jury. The other counts of such indictment were not submitted to the jury by the trial court. We do not deem it necessary to set out in haec verba the counts which the trial judge submitted to the jury. These counts are numbers 1, 4, 6, 8 and 10, and fall within Sections 2905.10, 2905.17 and 2905.18, Revised Code.

Section 2905.10, Revised Code, among other things, makes it an offense for one to procure a female person, under 18 years of age, to have sexual relations with a person other than himself. Section 2905.17, Revised Code, concerns itself with the offense of forcing a female to be a prostitute. Section 2905.18, Revised Code, makes it an offense to receive money or other valuable thing for procuring a female to cohabit with a male person.

One of the definitions of the word "procure," as found in Webster's New International Dictionary, Second Edition, is "4. To obtain for illicit intercourse or prostitution."

One of the prosecuting witnesses herein was admittedly under 18 years of age; the other prosecuting witness was over 20 years of age. Three counts, 1, 4 and 6, applied to the girl under 18, and were violations of Sections 2905.10, 2905.17 and 2905.18, Revised Code. The other two counts, 8 and 10, applied to the other prosecuting witness, and were violations of Sections 2905.17 and 2905.18, Revised Code.

It is our judgment that these statutes set out separate offenses, and that acts done under one are not included within the other. It was proper, therefore, for the trial judge to submit each of such counts of the indictment to the jury.

As we stated heretofore, the evidence as to the guilt of Albert Miller is overwhelming, and such errors as were committed cannot be called prejudicial in the light of all of the evidence. Albert Miller had a fair trial, and his conviction was proper.

We have examined all of the assigned errors, and find none prejudicial to the substantial rights of the appellant. The judgment of conviction must be affirmed.

Judgment affirmed.

DOYLE, P. J., and McCLINTOCK, J., concur.